(February 27, 1980)

■ In the Matter of JOHN J. SANTUCCI, as District Attorney of Queens County, Petitioner, v JOSEPH S. CALABRETTA, as Justice of the Supreme Court of the State of New York, Respondent.—Proceeding pursuant to CPLR article 78 to prohibit enforcement of an order of the Supreme Court, Queens County, dated February 22, 1980, which granted an application by defendant Troy pursuant to CPL 460.50 to stay execution of a judgment rendered against him on November 29, 1979 pending an application to this court for leave to appeal from an "order" of the Supreme Court, Queens County, dated February 22, 1980, denying said defendant's application pursuant to CPL article 440 to vacate the judgment. Petition granted, without costs or disbursements, and enforcement of the order dated February 22, 1980 staying execution of the judgment is prohibited. On the court's own motion, defendant Troy is joined as a party respondent. The matter is remitted to the Supreme Court, Queens County, so that execution of the judgment may be commenced or resumed. On January 21, 1980 this court affirmed defendant's sentence of November 29, 1979 and remitted the matter to Criminal Term to fix the date upon which defendant's sentence was to commence. On February 22, 1980 Criminal Term denied defendant's application pursuant to CPL article 440 and fixed the date of the commencement of sentence as February 23, 1980. CPL 460.50 does not authorize the granting of a stay of execution of judgment pending application for leave to appeal from an order denying a CPL article 440 application. The appeal from the sentence had been determined. On February 22, 1980 there was not the imposition of a new sentence, but merely the fixation of a date for the commencement of the sentence imposed November 29, 1979. Although not named in the caption of the present proceeding as a respondent, the order to show cause bringing on the present application directed service on the attorney for defendant Troy in accordance with CPLR 7802 (subd [d]). Defendant's attorney appeared and answered. This court, on its own initiative, adds Troy as a party respondent (see CPLR 1003). Hopkins, J. P., Lazer, Gibbons and Cohalan, JJ., concur.